Dear Ms. Livingston:
You requested that we recall our Opinion No. 03-0205 for a number of reasons. Essentially, you feel that the usual procedure when disciplinary action is initiated by the appointing authority against a classified municipal policeman — viz., that he appeal to the local police civil service board to have it determine whether the appointing authority acted in good faith for cause — is the proper procedure to be used in the case of Opinion No. 03-0205 and that Opinion No. 03-0205, in suggesting to the Chief of Police of Oakdale, LA, that he contact the local fire and police civil service board regarding a classified police officer with an apparent "anger" problem prior to initiating disciplinary action, would, as a precedent, burden the civil service board with routine departmental personnel management problems and prevent it from properly doing its primary duties with respect to appeals. For just some of the reasons below, we decline to recall the opinion.
First of all, attorney general opinions generally do not give significant guidance on how to resolve personnel or other management problems as such nor on what is the most efficient manner to run a police department. Rather, they are opinions on what the law is. And the statutory law on point is clear; in addition to investigating and hearing civil service appeals by classified employees who are disciplined by their appointing authorities, both R.S. 33:2477 and R.S. 33:2537 specify the duties of the local fire and police civil service boards to include
 representing the public interest in matters of personnel administration in the local fire and police service [R.S. 33:2477(1) and R.S. 33:2437(1)];
 advising and assisting the governing body, mayor, and the chiefs of the local fire and police departments, with reference to the maintenance and improvement of personnel standards and administration in the fire and police service and the classified system [R.S. 33:2477(2) and R.S. 33:2437(2)];
 advising and assisting the employees in the classified service with reference to the maintenance, improvement and administration of personnel matters related to any individual or group of employees [R.S. 33:2477(3) and R.S. 33:2437(3)];
 making, at the direction of the chief of the police department of the municipality or upon the written petition of any citizen for just cause or upon its own motion, any investigation concerning the administration of personnel in the police service, and taking any other action which it determines to be desirable or necessary in the public interest [R.S. 33:2477(4) and R.S.33:2437(4)]; and
 hearing and passing upon matters which the chief of the local police department bring before it [R.S. 33:2477(6) and R.S. 33:2437(6)].
Secondly, the letter written by the police chief requesting Opinion No. 03-0205 does not specify that the policeman in question had done anything on the job to warrant any disciplinary action by the appointing authority. Rather, he noticed that the policeman had an "anger" problem, which persisted even after medical help, could foresee that something was likely to occur thereafter to make disciplinary action appropriate, and was trying to take some appropriate action to preclude such occurrence. He thought that trying to "pressure" him or to "sternly advise" him to seek a "medical retirement" "to prevent a large problem in the future," might be a proper way to go. The opinion does not absolutely say what is ultimately the proper thing to do; rather, it recounts what the law is and what the law provides regarding the duties of the local fire and police civil service boards. Because the law, as shown hereinabove as well, clearly places the duty on the local fire and police civil service board to act in the public interest and to respond to the personnel requests of the chief of police regarding a personnel problem that could affect the public interest, the opinion suggests that this legal avenue could be pursued.
We do not mean to say that every minor and trivial detail of personnel management in the municipal police department needs to be brought to the local civil service board by the chief of police or the appointing authority. You are correct in suggesting that the local civil service boards should not try to micro-manage the municipal police departments. But when the personnel matter is grave enough to have a real or profound effect on the "public interest" — as the serious loss of temper by a policeman on duty may have, since it could result in significant injury or death to a citizen and a brutality charge against the policeman — it may be appropriate to seek the advice, counsel, and assistance of the local civil service board in devising or discovering legitimate ways to prevent such an occurrence.
If these duties are too great a burden on the local fire and police civil service boards, their remedy is to go to the legislature and seek a change in the statutory law. In the meantime, the language of these statutes is, in our opinion, too clear and explicit for us to come to the opposite conclusion — viz., that the local fire and police civil service boards lack these powers and duties in cases where the "public interest" is substantially at risk.
Hoping this opinion has adequately answered your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By _________________________________ THOMAS S. HALLIGAN Assistant Attorney General
cc: Wilburn Perkins, Chief, Oakdale Police Department